Date signed May 13, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ROBERT F. ROOD, IV | : | Case No. 08-17199PM |
| | : | |
| Debtor | : | |
| ------------------------------ | : | |
| SOUTHERN MANAGEMENT | : | |
| CORPORATION RETIREMENT TRUST | : | |
| and | : | |
| TYSONS FINANCIAL, LLC | : | |
| | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 09-00058PM |
| | : | |
| ROBERT F. ROOD, IV, | : | |
| | : | |
| Defendant | : | |
| ------------------------------ | : | |

## MEMORANDUM OF DECISION

This matter is before the court on Defendant's Motion to Oppose and Vacate Order of Default and Permit Answer (the "Motion to Vacate") and Plaintiffs' opposition thereto. On April 29, 2009, the court entered non-dischargeable judgments against Defendant in favor of Southern Management Corporation Retirement Trust ("SMCRT") and Tysons Financial, LLC ("Tysons") in the amounts of $13,876.353.47 and $2,626,189.30, respectively.  In the Motion to Vacate, Defendant asserts that he has meritorious defenses to Plaintiffs' claims and disputes the amounts of the default judgments entered in favor of SMCRT and Tysons.  The basis for these assertions, according to Defendant, is found in evidence that has been introduced in the case of *Rosen, et al.*

*v. Rood, et al.*, A.P. No. 09-0188, in which a trial began on April 6, 2010, and is still ongoing. For the reasons set forth herein, the Motion to Vacate will be denied.

Under Federal Rule of Civil Procedure 60(b), which rule is made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 9024, a movant seeking relief from a judgment must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (CA4 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (CA4 1984)). Upon making this threshold showing, the movant must satisfy one of the six enumerated sections of Rule 60(b). *See Dowell*, 993 F.2d at 48.

Defendant has failed to show either that he acted in a timely manner or that he has a meritorious defense. He filed the Motion to Vacate within the time period prescribed in Rule 60(c), but this fact alone does not establish the requisite timeliness. Copies of the judgments were mailed to his address of record on May 1, 2009. Even if, as he asserts in the Motion to Vacate, Defendant did not learn of the entry of the judgments until June 22, 2009, he still waited nearly ten months before seeking relief therefrom. The court therefore finds that Defendant has not shown that he exercised the necessary diligence in seeking to have the default judgment set aside. *See Zuelzke Tool & Eng'g Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (CA7 1991) (four month delay in seeking to set aside default judgment "could hardly be described as prompt"); *Federal Deposit Ins. Corp. v. Spartan Mining Co., Inc.*, 96 F.R.D. 677, 683 (S.D. W.Va. 1983) (ten month delay between entry of default judgment and filing of motion to set aside is an adequate ground for denying relief sought).

In order to establish the existence of a meritorious defense, the movant must put forth "a presentation or proffer of evidence, which, if believed, would permit ... the [c]ourt ... to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (CA4 1982) (*citing Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n.8 (CA4 1974)). In the Motion to Vacate, Defendant, after alluding to testimony that has been heard in *Rosen, et al. v. Rood, et al.,* states that he "has reviewed the support documentation provided in this matter and determined that the figures used by Plaintiff defy realty [sic]." Defendant's vague references to testimony heard in another proceeding, however, cannot be considered evidence that would allow the court to find in favor of Defendant and thus cannot serve as the basis for granting the relief he seeks.

An appropriate order will be entered.

cc: All Parties
All Counsel

**End of Memorandum of Decision**